## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 12 2016, 8:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Special Assistant to the Shelby County
Public Defender
Brooklyn, Indiana

ATTORNEY FOR APPELLEES

Michael Cheerva
Emswiller, Williams, Noland &
Clarke PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Adoption of K.C.:

C.C.,

*Appellant-Respondent,*

v.

S.H. and L.H.,

*Appellees-Petitioners*

July 12, 2016

Court of Appeals Case No.
73A04-1509-AD-1482

Appeal from the Shelby Circuit
Court

The Honorable John A. Westhafer,
Senior Judge

Trial Court Cause No.
73C01-1501-AD-1

**Vaidik, Chief Judge.**

# Case Summary

[1] A biological parent is entitled to appointed counsel in an adoption proceeding where the adoption would result in the involuntary termination of that parent's parental rights. Because the biological mother in this case contested the adoption of her child, she is entitled to appointed counsel if she is indigent. We therefore reverse and remand this case for the trial court to determine whether the biological mother is indigent and, if so, to appoint counsel to represent her at a new adoption hearing.

# Facts and Procedural History

[2] C.C. ("Mother") is the biological mother of K.C., who was born November 22, 2008. In August 2010, Mother was arrested for, among other things, having an illegal drug lab in her home while K.C. was present. Mother pled guilty and was sentenced to eight years, with four years to be served in the Indiana Department of Correction and four years suspended to probation. While she was in prison, Mother agreed to allow her sister, Cassie, to be K.C.'s guardian. The guardianship was filed in Madison Circuit Court. *See* Appellant's Supp. App. p. 3. Cassie continued to be K.C.'s guardian when Mother was released from prison to a work-release facility.

[3] Cassie later learned that she had terminal cancer and requested co-guardians for K.C. K.C. was placed with L.H. and S.H. ("the adoptive parents") on July 31,

2014, and the Madison Circuit Court appointed the adoptive parents co-guardians with Cassie on September 25, 2014. Cassie died in November 2014.

[4] Mother was released from work release in late January 2015. On January 27, 2015, the adoptive parents filed a petition to adopt K.C. in Shelby Circuit Court. The adoptive parents alleged that Mother's consent to the adoption was not required under Indiana Code section 31-19-9-8 because Mother knowingly failed to provide for the care and support of K.C. for at least one year when she was able to do so. Appellant's App. p. 11. Mother, pro se, filed a handwritten motion in which she contested the adoption and claimed that she did not have any money to hire a lawyer. *Id.* at 24.

[5] In the meantime, Mother requested parenting time with K.C. in the guardianship case, and a hearing was held in Madison Circuit Court in March 2015. Near the end of the hearing, Mother asked the trial court to appoint her counsel. Ex. 8, p. 70. The trial court instructed Mother to fill out a form. Mother completed the form and was appointed counsel. Appellant's Supp. App. p. 8. The court continued the matter to August 2015.

[6] But before this hearing could be held, the Shelby Circuit Court held a hearing in the adoption case on August 26, 2015. This was the first (and only) hearing in the adoption case. Both Mother and K.C.'s biological father appeared pro se. At the beginning of the hearing, Mother asked the trial court to appoint her counsel. Tr. p. 4. The trial court responded: "There are legal organizations that might represent you, but [I'm] not accustomed to appointing counsel in an

adoption case." *Id.* The court then proceeded with the hearing and found that Mother's consent to the adoption was not required because she knowingly failed to provide for the care and support of K.C. for at least one year when she was able to do so. Appellant's App. p. 46. The court terminated Mother's and the biological father's parental rights and entered a decree of adoption of K.C. in favor of the adoptive parents. *Id.* at 48.

[7] Mother now appeals.

## Discussion and Decision

[8] Mother raises two issues on appeal, one of which we find dispositive: whether the trial court erred in denying her request for appointed counsel without first determining whether she was indigent. Indiana Code section 31-32-2-5 provides that a parent "is entitled to representation" in proceedings to terminate parental rights. An adoption proceeding is an indirect method of terminating parental rights. *See* Ind. Code § 31-19-15-1(a) (noting that "the parent-child relationship is terminated after the adoption unless the parent-child relationship was terminated by an earlier court action . . . ."). Indeed, this Court has held that a parent's right to counsel in Section 31-32-2-5 applies to adoption proceedings where the adoption would result in the involuntary termination of the parental rights of one or both of the natural parents. *In re Adoption of K.W.*, 21 N.E.3d 96, 99 (Ind. Ct. App. 2014) (citing *Taylor v. Scott,* 570 N.E.2d 1333 (Ind. Ct. App. 1991), *trans. denied*). Accordingly, contrary to the trial court's understanding of the law, if Mother is indigent, then she is entitled to appointed

counsel. *See In re G.P.*, 4 N.E.3d 1158, 1167 (Ind. 2014) (acknowledging that the denial of the right to counsel in such cases requires reversal; a showing of prejudice is not required).

[9] Based on the record before us, it is likely that Mother is indigent. Indeed, after Mother filed her notice of appeal in this case, the Shelby Circuit Court found that Mother was eligible for court-appointed appellate counsel and referred her case to the public defender's office. We therefore reverse and remand this case for the trial court to determine whether Mother is indigent and, if so, to appoint counsel to represent her at a new adoption hearing.

[10] Reversed and remanded.

Barnes, J., and Mathias, J., concur.